IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13cv95

| | |
|---|---|
| GEORGE T. RICH, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Commissioner of Social Security, )<br>)<br>    Defendant. )<br>_____ ) | **MEMORANDUM AND RECOMMENDATION** |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability insurance benefits. This case came before the Court on the administrative record and the parties' Motion for Summary Judgment [# 9] and Motion for Judgment on the Pleadings [# 11]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Judgment on the Pleadings [# 11], **DENY** Plaintiff's Motion for Summary Judgment [# 9], and **AFFIRM** the Commissioner's decision.

    I.    **Procedural History**

Plaintiff filed an application for disability insurance benefits on March 22, 2010. (Transcript of Administrative Record ("T.") 151-52.) Plaintiff alleged an

onset date of February 20, 2009. (T. 151.) The Social Security Administration denied Plaintiff's claim. (T. 101.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 106.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 32-62.) The ALJ then issued a decision finding that Plaintiff was not disabled through the date of the decision. (T. 15-27.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 5-7). Plaintiff then brought this action seeking review of the Commissioner's decision.

## II.     Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform

basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his February 10, 2012, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 27.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through June 30, 2014.

(2) The claimant has not engaged in substantial gainful activity since February 20, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: diabetes mellitus, degenerative disc disease, bipolar disorder, and panic attacks (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20

CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). He is restricted from climbing ropes, ladders or scaffolds and he cannot crawl. He is limited to occasionally bending or climbing ramps or stairs. He requires a sit/stand option with the ability to alternate positions at will. He is limited to simple, routine, repetitive tasks with only minimal interaction with others in a low production environment.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on July 8, 1967, and was 41 years old, which is defined as a younger individual age 18-49, on the alleged onset date (20 CFR 404.1563 and 416.963).

(8) The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the nation economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from February 20, 2009, through the date

of this decision  (20 CFR 404.1520(g) and 416.920(g)).

(T. 15-27.)

## IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits.  Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006).  The scope of judicial review, however, is limited.  The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted).  It is more than a scintilla but less than a preponderance of evidence.  Id.  When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary."  Id.  Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law.  Id.

## V.     Analysis[1]

At step three of the five step inquiry, the ALJ must determine whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, Subpart P. Mastro, 270 F.3d at 177. A finding that a claimant's impairments meet one of the listing of impairments is sufficient to establish disability. 20 C.F.R. § 404.1520(a)(4)(iii). In order to meet the listing requirements of an anxiety related disorder, a claimant must either meet the paragraph A and B requirements or the paragraph A and C requirements. 20 C.F.R. Pt. 404, Subpart P., App'x 1 § 12.06. Paragraph C requires a finding that the claimant's anxiety disorder results in the complete inability of the claimant to function independently outside the area of his or her home. Id. Plaintiff contends that the ALJ erred by not finding that that his anxiety disorder met the listed impairment for anxiety related disorders. Specifically, Plaintiff contends that the ALJ erred by failing to find that Plaintiff met the Paragraph C requirements.

Upon a review of the record, the Court finds that the decision of the ALJ that Plaintiff's anxiety disorder did not result in the complete inability of the claimant to function independently outside of his home was supported by substantial evidence in the record. As the ALJ explained, Plaintiff's anxiety disorder has not

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

prohibited him from regularly leaving his home in order to attend his doctors' appointments and receive regular psychiatric treatment. (T. 20.) The fact that Plaintiff's wife accompanied him on most of these visits does not alter the fact that the medical evidence in the record does not reflect that Plaintiff suffers from a completely inability to function independently outside of his home. In fact, Plaintiff lost his driver's license in 2005 as the result of a DWI, and he testified that his wife drives him around when he needs to go places. (T. 37.)

Moreover, while the medical records reflect that Plaintiff was somewhat anxious during some of these medical appointments, they also reflect that he had good or fair eye contact and openly communicated with the medical professionals. (See e.g. T. 240, 283, 289). Plaintiff was also alert, oriented, well groomed, and cooperative. (See e.g. T. 240, 274. 283, 284, 289). Finally, the medical opinion evidence in the record also supports the ALJ's determination. (T. 66, 86.) Put simply, the medical evidence in the record fails to establish that Plaintiff suffers from a complete inability to function independently outside of his home. Accordingly, the ALJ did not err in finding that Plaintiff did not meet the listing requirements of listing 12.06 and, thus, remand is not required in this case.

VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the

Commissioner's Motion for Judgment on the Pleadings [# 11], **DENY** the Plaintiff's Motion for Summary Judgment [# 9], and **AFFIRM** the Commissioner's decision.

Signed: June 25, 2014

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).